## El Pueblo *v.* Otero.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 21.—Resuelto en Junio 27, 1903.

Apreciación de las Pruebas.—Apelación.—Facultades del Tribunal Sentenciador y del Jurado.—El Tribunal Supremo no revocará una sentencia dictada en causa criminal, fundado únicamente en la insuficiencia de las pruebas para declarar culpable al acusado, cuando haya alguna que justifique el veredicto dictado, pues la apreciación de las pruebas es facultad que corresponde al Tribunal sentenciador, y en su caso, al Jurado que conozca de la causa.

Veredicto Nulo.—En los casos en que el veredicto del jurado no esté formulado con arreglo á derecho y se ordene por la Corte que se formule un nuevo veredicto, el primer veredicto es nulo y no debe formar parte de la transcripción de autos que se presente al Tribunal á los efectos de la apelación interpuesta contra la sentencia definitiva.

Nuevo Veredicto.—No comete error el Juez que desestimando un veredicto por no estar formulado con arreglo á derecho, ordena al Jurado la presentación de un nuevo veredicto que declare al acusado *culpable ó nó culpable* del delito *imputádole*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Acuña*, (Eduardo).

Abogado del apelado: *Sr. del Toro*, Fiscal.

El Juez Asociado Sr. MacLeary emitió ·la siguiente opinión del Tribunal:

El demandado, en esta causa fué acusado y convicto por el veredicto de un jurado, ante el Tribunal de Distrito de Mayagüez, en 30 de Abril de 1903, de permitir voluntariamente la fuga de dos presos de la Cárcel de àquella Ciudad, de la cual, en esa época, era Alcaide. Los hechos probados, consignados en la sentencia del Tribunal, son los siguientes:

"Que el día 5 de Enero último el acusado que con anterioridad á esa fecha había sido nombrado y desempeñaba las funciones de Alcaide de la Cárcel de esta Ciudad, dió orden á uno de los llaveros de dicho Penal para que dejara salir, como en efecto salieron, cinco presos que se encontraban cumpliendo condena, sin hacerles custodiar por guardia alguno, y entre cuyos cinco presos se encontraban José Rodríguez Medina y Juan Ramón Merçado, quienes se fugaron, sin que hasta ahora hayan sido capturados, habiendo por lo tanto el referide Julio Otero Rivera permitido voluntariamente que dichos presos se escapasen, infringiendo así el artículo 153 del Código Penal".

, THE PEOPLE v. OTERO.

APPEAL from the District Court of Mayagüez.

No. 2.—Decided June 27, 1903.

The facts are stated in the opinion.

Mr. Eduardo Acuña, for appellant.

Mr. del Toro, Fiscal, for respondent.

MR. JUSTICE MACLEARY delivered the following opinion
of the court:

The defendant in this case was accused and convicted on
the verdict of a jury, before the District Court of Mayagüez,
on the 30th of April, 1903, of voluntarily permitting the
escape of two prisoners from the jail in that City, of which
he was warden at the time.

The facts proven, as set forth in the judgment of the
court, are as follows:

. "That on the 5th day of January last, the accused who had been appoint-
ed prior to that date and discharged the duties of warden of the jail in this
city, ordered one of the turnkeys of said institution to allow five prisoners
who were at the time serving sentences, to go out of the jail without a guard,
and among which prisoners were José Rodríguez Medina and Juan Ramón
Mercado, who escaped, and up to the present time have not been captured,
Julio Otero Rivera having therefore voluntarily permitted their escape, thus
violating article 153 of the Penal Code".

The trial court sentenced the accused to pay a fine of two
hundred dollars, and six months at hard labor in the
penitentiary and to pay the costs of the proceedings. From

El Tribunal sentenciador condenó al acusado á pagar una multa de doscientos dollars, y á seis meses de presidio, con trabajos forzados, y al pago de las costas del procedimiento. Contra esta sentencia interpuso, en debido tiempo y forma, recurso de apelación para ante este Tribunal. Él funda su recurso en tres motivos que se considerarán según su orden:

" 1.—De las declaraciones de los testigos, tal y como se consignan en el acta, no resulta comprobado el cargo de que el Alcaide Otero diera orden para que los presos prófugos saliesen del penal sin vigilantes: los términos en que está redactado aquel particular del acta, ó sea que salieron sin custodia alguna con permiso del Alcaide, permiten asegurar tan sólo, que éste autorizó la salida, pero no la forma en que salieron, esto es, sin custodia alguna: y como la delincuencia no estriba en el hecho de qué los presos hayan ó nó salido con permiso del Alcaide, sino en que se les facilitó la fuga, apartando de ellos voluntariamente toda vigilancia, claro y evidente es, que las manifestaciones de aquellos testigos no pueden dejar comprobado aquel elemento de delincuencia, esencial en este caso, por cuanto se contrae á la forma de realización del delito, que según el artículo 153 del Código Penal, ha de entrañar *una autorización voluntaria y consentida* de la evasión ó una *cooperación fraudulenta* de la misma, en ninguna de cuyas formas puede asegurarse por el resultado de la prueba, que lo realizó el acusado ".

Sobre este particular basta decir que este Tribunal no revocará la sentencia únicamente á causa de la insuficiencia de las pruebas para declarar culpable al acusado. Si es que se presentó prueba alguna ante el Tribunal inferior, es de la atribución del Tribunal sentenciador, y del Jurado debidamente formado para juzgar la causa, apreciar su suficiencia. Los Tribunales de jurisdicción original son más capaces de considerar la credibilidad, la suficiencia, y la importancia que ha de darse al testimonio de los testigos, y las circunstancias que rodean cada caso, que cualquier Tribunal de apelación. Los testigos comparecen en persona, y su manera de declarar, las contestaciones que den á las preguntas propuestas, y las diferentes circunstancias que rodean la presentación de las pruebas: todo esto propiamente tiende á influir el ánimo tanto del jurado como del Tribunal, al determinar el efecto que tal testimonio debe tener sobre la formulación

this judgment, in proper time and form, he prosecuted his appeal to this court. He bases his appeal on three. grounds, which will be considered in their order:

"1.—From the testimony of the witnesses, as it appears in the record of the proceedings, the charge that Warden Otero ordered that the escaped prisoners be permitted to go out of the jail without guards, is not proven; the terms in which that particular part of the proceeding was recorded, that is that they left the jail by permission of the warden, without any guard, goes to show that he authorized them to be allowed to go out, but not in the manner in which they left, that is without any guard whatever; and as the fault does not lie in the fact of whether or not the prisoners left the jail by permission of the warden, but in that he facilitated their escape, voluntarily permitting them to leave without being guarded, it is clear and evident that the statements made by the witnesses cannot establish that element of delinquence which is essential in this case, inasmuch as it refers to the manner of committing the crime which according to article 153 of the Penal Code must include a wilful authorization and consent to the escape, or a fraudulent co-operation in the same, in none of which ways can it be said from the result of the evidence that the accused committed the crime".

On this point it is sufficient to say that this court will not reverse a judgment solely on account of the insufficiency of the evidence to convict the defendant. If there was any evidence whatever adduced before the court below it is the province of the trial court and the jury duly impanelled to try the case, to judge of its sufficiency. Courts of original jurisdiction are better qualified to consider the credibility, the sufficiency, and the weight to be given to the testimony of witnesses and the circumstances surrounding each case, than any appellate tribunal. The witnesses appear in person, and their manner of testifying, the answers given to the questions propounded, and the various circumstances attending the production of the evidence, all properly go to influence the jury, as well as the court, in determining what effect such testimony should have in making up the verdict and the judgment, and deciding the guilt or innocence of the accused.

It is clear to this court that there is some evidence on which the verdict and judgment in this case could have

del veredicto y la sentencia, y decidir con respecto á la culpabilidad ó inocencia del acusado.

Es claro para este Tribunal que existen algunas pruebas en las cuales había podido fundarse el veredicto y la sentencia en el presente caso. Y en efecto, aún cuando fuera necesario de considerar la suficiencia de las pruebas, tomándolas todas juntas, parecen ser ampliamente suficientes para completamente justificar el Tribunal y el Jurado en la conclusión á que han llegado.

El segundo motivo en que se funda el apelante para la revocación de la sentencia en la presente causa es el siguiente:

" 2.—Que esto es así, lo está demostrando el primer veredicto que dió el jurado, declarando culpable involuntario al acusado : veredicto que constituye la mejor defensa del reo, por cuanto evidencia que aún que autorizada la salida de los presos y realizada ésta sin vigilancia, no hubo en el acusado la voluntariedad que caracteriza el intento criminal ; resultando por tanto justificado para el jurado la ausencia de todo intento criminal y por ende la excepción á que se contrae el párrafo 5 del artículo 39 del citado Código ".

Con respecto á este punto debe fijarse la atención en el hecho de que por no haber sido formulado con arreglo á la ley el primer llamado veredicto, es nulo, y en realidad no debería formar parte alguna de los autos en esta causa, y no puede tomarse en consideración por este Taibunal. No fué presentado en debida forma. No contestó á las preguntas propuestas por el Tribunal. No declaró al acusado "culpable" ni "no culpable" del delito de que se le había acusado, y por esa razón no tenía más efecto que si hubiera sido un pliego de papel en blanco. Siendo este el caso, debe descartarse completamente de la consideración de este Tribunal. El motivo tercero en que el recurrente funda la pretensión de que se revoque la sentencia del Tribunal inferior, es un corolario dependiendo del segundo motivo, y á la letra dice:

" 3.—Y el Juez Erwin al rechazar el primer veredicto del Jurado y exigir otro, que resultó ser condenatorio, infringió abiertamente la ley poniendo al Jurado en el difícil caso de declarar una culpabilidad no sentida ni demostrada, en fuerza de un *formulismo* impropio de la índole de estos juicios;

been based, and indeed even if it were necessary to consider the sufficiency of the evidence, taken all together, it appears to be amply sufficient to fully justify the court and jury in the conclusion at which they arrived.

The second ground on which the appellant relies for a reversal of the judgment in this case is as follows:

"2.—That this is so is shown by the first verdict rendered by the jury, by which the accused was declared "involuntarily guilty", which verdict constitutes the best defense of the accused, inasmuch as it shows that although the departure of the prisoners was authorized and effected without their being accompanied by guards, there was not on the part of the accused the deliberate intent which constitutes the crime; wherefore, in the opinion of the jury, the absence of all criminal intent was proven, as also the exception which is referred to in paragraph 5 of article 39 of the said code."

On this point attention must be given to the fact that the first so called verdict, not being rendered in accordance with the law, is a nullity, and should not in reality form any part of the record in this case, and cannot be considered by this court. It was not in proper form. It did not answer the questions submitted by the court. It neither found the defendant "guilty" nor "not guilty" of the offense of which he was accused, and for that reason had no more effect than if it had been a piece of blank paper. Such being the case, it must be discarded altogether, from the consideration of this court. The third ground on which the appellant relies for a reversal of the judgment of the court below, is a corollary depending on the second, and reads as follows:

"3.—And Judge Erwin upon rejecting the first verdict of the jury, and requiring another which turned out to be a conviction, openly violated the law, placing the jury in the difficult position of declaring the guilt of a man which was neither believed in by the jury nor proven, it being compelled to follow a formalism which is improper considering the character of these trials; inasmuch as the verdict of "involuntarily guilty" which was rendered the first time implies, in whatever manner it may be analyzed, a declaration of absolute innocence, and if said declaration was not sustained afterwards, in the second verdict, it was due without doubt to the fear that it might appear to be in direct contradiction of the declaration of guilt first announced, and which is revealed in a marked manner in the recommendation of the

puesto que el veredicto de culpable involuntario, dado en primer término, implica de cualquier modo que se analice una declaración de inocencia absoluta, que si no se mantuvo después en el segundo veredicto, fué debido, sin duda, al temor de que apareciese en abierta pugna con el concepto de culpabilidad primeramente sentado, pero que se reveló marcadamente en la recomendación de mayor benignidad que acompaña al segundo veredicto. Si pues el primer veredicto era absolutorio en su tendencia, no debió legalmente el Juez Erwin sacrificarlo por razón de su expresión en aras de un formulismo legal muy en pugna con los principios de toda sabia legislación penal, que si aspira al castigo del culpable, no rechaza en ningún caso ni momento, aquello que puede favorecerle."

Además de lo que se ha dicho sobre el segundo motivo de que se trata en la presente, se observará que el Juez sentenciador no infringió las atribuciones del jurado al negarse á recibir el llamado veredicto que fué impropio en su forma, y contrario á la ley, y por esa razón nulo, y sin ningún valor; sino el Tribunal procedió de acuerdo con su claro deber, en el caso, y exigió al Jurado que volviera á presentar otro veredicto declarando al acusado ó culpable ó no culpable, como debían haber hecho desde el principio.

El Jurado, como tuvo el derecho de hacer, recomendó al acusado á la clemencia del Tribunal, y el Juez sentenciador tuvo en consideración la recomendación de clemencia hecha por el Jurado, y fijó la pena en un grado muy bajo, ó sea en la vigésima parte del término de prisión permitido por la ley, y el cuatro por ciento de la multa que pudiera haberse impuesto.

No encontramos error alguno en la sentencia del Tribunal al declarar culpable al acusado bajo el artículo 153 del Código Penal, que prescribe para un Alcaide "que voluntariamente permite la fuga de cualquier preso" el castigo de reclusión en el presidio, no excediendo de diez años y una multa que no pasa de cinco mil dollars.

Las pruebas presentadas en el juicio de esta causa son suficientes para sostener el veredicto de "culpable" y la sentencia de convicción. El acusado ha tenido un juicio

greatest clemency which accompanies the second verdict. Therefore, if the first verdict tended towards an acquittal, Judge Erwin should not sacrifice it, on account of the way in which it was expressed, on the altar of a legal formalism very much in contradiction of the principles of all wise penal legislation, which although tending to accomplish the punishment of the guilty party, does not reject in any case, nor at any time, that which may be in his favor."

In addition to what has been said under the second point herein treated, it may be observed that the trial judge did not infringe upon the province of the jury in refusing to receive the so called verdict, which was improper in its form and contrary to law, and for that reason null and void, but the court acted in accordance with its plain duty in the premises and sent the jury back to bring in their verdict declaring the defendant either guilty or not guilty, as they should have done in the first place.

imparcial y una sentencia benigna, y debiera estar conforme con cumplir su condena.

No encontrando error alguno en la sentencia del Tribunal inferior, del cual tuviera derecho á quejarse el acusado, debe confirmarse en todas sus partes la sentencia del Tribunal de Distrito, preparándose otra de acuerdo con esta opinión.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.